AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District: United States Virgin Islands Div. St.T | |
|---|---|---|
| Name of Movant: Dean C. Plaskett | Prisoner No.: 08010-094 | Case No.: 2007-60 Appeal no. 08-3531 |
| Place of Confinement: Williamsberg Federal Prison Camp, Salters South Carolina | | |

UNITED STATES OF AMERICA V. Dean C. Plaskett (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack District Court of the United States Virgin Islands Division of St.Thomas/St. John

2. Date of judgment of conviction 2/27/08

3. Length of sentence 108 months

4. Nature of offense involved (all counts) 1.conspiracy to commit theft or bribery concerning programs receiving federal funds and honest services mailfraud. 2-4. theft or bribery concerning programs receiving federal funds. 8. Conspiracy to obstruct justice. 9-10. obstruction of justice.11-12 making false statements and fraudulent claims. Forfeiture allegations.

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

RECEIVED
2010 JUL 29 AM 10:51
CLERK OF THE DISTRICT COURT ST. THOMAS, V.I.

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court Third Curcuit Court of Appeals

(b) Result Denied

(c) Date of result 12/9/09

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______

(6) Date of result ______

(b) As to any second petition, application or motion give the same information:

(1) Name of court ______

(2) Nature of proceeding ______

(3) Grounds raised ______

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result ______________________________

(6) Date of result ______________________________

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Denial of effective assistance of appellate counsel

Supporting FACTS (state *briefly* without citing cases or law)

SEE ATTACHED PAGES 1-6

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

A. Ground One: Denial of effective assistance of Appellate Counsel

The Government's Key witness at trial was Hollis Griffin. Griffin provided the sole testimony regarding the alleged payments of bribes that were at the heart of the entire trial. Griffin himself recognized his importance on this issue that was a requisite element of the Government's case. (Trial Transcript 2/13/08 p. 14) No other witness provided testimony regarding the payment of bribes to the Petitioner. In fact, Griffin provided the sole testimony regarding the alleged initial meeting in 1999 with Petitioner and Co-defendant Marc Biggs wherein Petitioner was allegedly drawn into the bribery and kickback scheme that had already been laid by Griffin and others. Griffin was the mastermind behind the bribery and kickback scheme and the only witness to implicate Petitioner. (Trial Transcript 2/12/08 p.165-168 and 2/13/08 p.10-13)

The importance of Griffin as the key witness is well established. During trial the Government referred to Griffin as essential to establishing the criminal conduct of the Petitioner. (Trial Transcript 2/14/08 p.307) The Government also stated that Griffin was "...not just a witness, but really the essential witness to this case, without whom the Government may not have a case. (Trial Transcript 2/14/08 p.315)

On direct examination of Griffin, he testified that he had two telephone conversations with Petitioner, prior to his agreement to cooperate with the Government. Griffin alleged that these conversations consisted of Petitioner's assurances that certain deragatory statements about Griffin, that were attributed to the Petitioner in the Daily News article, regarding the bribery and kickback scheme at issue, were erroneous. Griffin also testified that he told Petitioner that he no longer kept up with events in the Virgin Islands and that he had moved on with his life. (Trial Transcript 2/12/08 p. 305-307)

On cross-examination, Griffin maintained that Petitioner did not express his disbelief of the assertions contained in the newspaper article about the scheme, but rather that Petitioner expressed his concern that both men be "on the same page" (Trial Transcript 2/13/08 p.34) Griffin testified further on cross-examination that he and Petitioner did not talk specifics and details during telephone conversations and that these telephone conversations were not extensive. (Trial Transcript 2/13/08 p. 34-35)

Unbeknownst to Griffin, the telephone conversations in question were recorded by the Petitioner. Petitioner's Counsel sought to introduce these recordings in their entierty to impeach Griffin's testimony on the stated points during his cross-examination. The Government objected and before ruling, the court listened to the recordings outside the presence of the jury, conducted a series of sidebars and hearings and permitted the parties to brief the issue. (Trial Transcript 2/13/08 p. 36-42, 2/13/08 p. 81-87, 2/13/08 p. 155-175, 2/13/08 p. 362-364, 2/14/08 p. 163-167)

The court ruled that only some portions of the recordings would be admissible. Petitioner's Counsel concluded that small portions of the recordings would not be useful and therefore he would seek to introduce the entire recording when Petitioner took the stand on direct examination. (Trial Transcript 2/14/08 p. 166, 2/21/08 p. 351-373)Petitioner's Counsel attempted to introduce the tapes during Petitioner's direct examination. The Government objected and the court ruled that the tapes would then be considered hearsay, and not admissible at all.

Petitioner's Counsel opposed the court's ruling at trial arguing that the recordings were not hearsay because they were not being offered to prove the truth of the matter asserted. Rather, they were being offered for the limited purpose of demonstrating Petitioner's and Griffin's state of mind. Petitioner's Counsel argued further that the tapes demonstrated Griffin's state of mind as being one of deception, as he acted as though he had no knowledge

whatsoever regarding the allegations in the newspaper. (Trial Transcript 2/21/08 p. 354-356) Thus, the tapes were not being offered for the truth of matters asserted in the conversations, and as such were not hearsay.

In the District Court's Memorandum Opinion denying Petitioner's post trial motions, the court supported its denial not upon any hearsay findings, but rather that the tapes introduction would risk unfair prejudice, confusion or delay, in violation of Federal Rules of Evidence 403. (Judge Gomez Memorandum Opinion p. 15.) The court's memorandum opinion does not contain any reasoning beyond the simple statement that the recordings risked unfair prejudice, confusion and delay.

Petitioner's Counsel argued on appeal that the court's decision to exclude the recordings was an abuse of discretion resulting in severe prejudice to Petitioner. (Defendant's Appeal Brief P.26) Further, that the recordings were not hearsay because they were not being offered to prove the truth of the matter asserted. Rather, to demonstrate Griffin's and Petitioner's state of mind. (Id. at p.26) Petitioner's Counsel asserted that the tapes in their entirety demonstrated that Petitioner was completely confused by the allegations contained in the Daily News articles and was therefore unaware of the bribery scheme. (Id. at p.26)

Petitioner's Counsel then asserted that consequently, the only remaining evedentiary question is whether the tapes were relevant Pursuant to Fed.R.Evid.401. He concluded that the conversations and more importantly the demeanor and reactions of the two men on the recording were clearly relevant. (Id.at p.27)

Finally, regarding the court's ruling that admission of the tapes would violate Fed.R.Evid.403, Petitioner's Counsel averred that on the contrary they would have provided compelling evidence that would have allowed the jury to arrive at the truth, as the conversations detailed some of the alleged overt acts at issue in the trial and to which Griffin testified. Petitioner's Counsel argued that the tapes demonstrated Petitioner's innocense through both his tone of voice and his demeanor, which attends directly

to Petitioner's state of mind which is central to this case. The tapes demonstrated that Petitioner was frustrated by the suggestion that he was guilty and that he was confused by any suggestion of wrong doing.

Petitioner's Counsel argued that failure to play the entire tapes seriously prejudiced Petitioner, as it deprived the jury of objective proof of Petitioner's innocense. Therefore, any prejudice would have been to the Petitioner, by not playing the tapes and not to the Government in playing them. Additionally the tapes would have eliminated confusion by clearly demonstrating that Griffin was lying about the focus and overall impression of the conversations. Thus, they were the best possible evidence available to the jury. The recordings did not risk delay or threaten judicial economy as they were approximately twenty minutes long. Twenty extra minutes added to a two week trial cannot be considered delay. (Id. at p.29)

Petitioner's Counsel then argued that Petitioner was deprived of a meaningful opportunity to present a complete defense because of the court's refusal to admit the tapes and therefore Petitioner was denied his constitutional right to confront witnesses against him. (Id. at p.30) Counsel pointed out that the entire focus of Petitioner's defense was his ignorance of Griffin's elaborate bribery and kickback scheme. There exist no more reliable evidence of Petitioner's innocense than the subject matter, tone, and content of the taped conversations with Griffin, as the content also bears directly upon both Petitioner and Griffin's credibility. Counsel argued that the tapes would have proven to be powerful evidence to allow the jury to decide which man was telling the truth. Consequently, the court's refusal to admit the tapes was a complete abrogation of Petitioner's constitutional right to confront the Government's preeminent witness against him.

In the Government's opposition brief, it acknowledges the court's ruling regarding the inadmissibility of the tapes as hearsay, but mischaracterized the Petitioner's argument.

The Government mistakenly characterized the Petitioner's argument as being that the tapes were admissible as hearsay subject to the state of mind exception. As clearly stated, the Petitioner's argument was that the tapes were not hearsay at all. Thus the Government's arguments regarding the state of mind exception was completly off point.

The Government made absolutley no mention of the court's memorandum decision holding that the tapes were inadmissible pursuant to Rule 403. The Government proceeded to offer for the first time, a different and unique legal rationale than the court. The Government then asserted that the tapes were inadmissible because Petitioner knew that Griffin was cooperating with the Government at the time the recordings were made and therefore Petitioner's assertions of innocense were self-serving. In Petitioner's Reply Brief, Counsel demonstrated that this assertion was not supported by the facts presented at trial.(Reply Brief Of Defendant-Appellant p. 8)

The aforementioned notwithstanding, Petitioner's counsel did not attach as an exibit to the Brief Of Defendant-Appellant, a reproduction of the taped conversations or a written transcript. The Third Circuit Court of Appeals subsequently ruled that "Plaskett argues that the District Court's rulings were erroneous, but he has not provided either reproductions of the recorded conversations or written transcripts for the panel to review. Without the capability to examine the evidence at issue, the panel cannot rule on the merits of Plaskett's arguments regarding the tapes and deems such argument waived." US v. Plaskett, 2009 WL 4643819,4643821 (3d Cir. 2009)

Counsel sought reconsideration of the Third Circuit's opinion arguing the he believed that he "sufficiently set forth his arguments by both proffering the contents of the conversations and explaining their relevance..."thus negating the necessity of the exibit. (Appellant Plaskett's Petition For Panel Rehearing or Rehearing En Banc p. 4)

Petitioner's Counsel provided an unofficial transcript of the recorded telephone conversations attached to the Petition for Rehearing. However, the Appeals Court refused to consider the transcript, returned it without explanation and summarily denied reconsideration.

While the District Court listened to the tapes at issue, held hearings and allowed the parties to brief the issue, and the Government was provided with a copy of the recordings, the actual telephonic conversations were not transcribed by the court. No portion of the recordings were admitted into evidence and therefore they were not made a part of the official record.

Petitioner's Counsel did not comply with Federal Rule of Appellate Procedure 10(c), which set forth the procedure by which the record may be constructed or supplemented when there has been a failure to record portions of the trial.

In light of all the circumstances presented, the failure of Petitioner's Counsel to comport with Fed.R.App.Pro.10(c) in regard to what he zealously purported to be an absolutely critical issue, and for which only he is responsible, fell far outside of the wide range of professional competent assistance.

Petitioner was prejudiced by Counsel's error and deficient performance because based upon the significant compelling arguments presented on appeal and the failure of the Government to offer a single potent argument or rationale in opposition to the issue, there is a reasonable probability that, but for Counsel's unprofessional error and deficient performance, the outcome of the appeal would have been different and in favor of Petitioner. Therefore, all confidence in the outcome of the proceeding has been irrepairably undermined.

AO 243 (Rev. 5/85)

D. Ground four: ______

Supporting FACTS (state *briefly* without citing cases or law): ______

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Jeffrey B.C. Moorehead, St. Croix United States Virgin Islands

(b) At arraignment and plea Jeffrey B.C. Moorehead

(c) At trial Gordon C. Rhea, P.O. Box 1007 Mt. Pleasant S.C. 29465

(d) At sentencing Gordon C. Rhea

AO 243 (Rev. 5/85)

(e) On appeal Gordon C. Rhea P.O. Box 1007 Mt. Pleasant, SC 29465

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/21/10
(date)

Signature of Movant
Dean C. Plaskett, 08010-094
Pro Se